GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-01633-002-PHX-DWL |
|---|---|
| Plaintiff, | |
| vs. | UNITED STATES' SENTENCING MEMORANDUM |
| Angel Adrian Duran, | |
| Defendant. | |

Defendant Angel Adrian Duran ("Defendant" or "Duran") pleaded guilty to Count 4, Material False Statement During the Purchase of a Firearm, and Aid and Abet. The United States recommends that Defendant receive a sentence of no more than 24 months' incarceration, followed by three-years of supervised release. This recommendation is consistent with the terms of Duran's plea agreement and properly considers the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and characteristics of the offense, the need for the sentence to provide just punishment, and afford adequate deterrence.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR"). (ECF 62.) The United States agrees with the Draft PSR calculations resulting in a Total Offense Level of 21 and Criminal History Category I. PSR at ¶¶ 34 and 37, resulting in a Guidelines range of 37-46 months' imprisonment.

The government's recommendation is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant on November 21, 2023.  On August 30, 2024, Defendant pleaded guilty to Count 4 of the Indictment, Material False Statement During the Purchase of a Firearm and Aid and Abet, in violation of 18 United States Code §§ 922(a)(6), 924(a)(2), and 2. (ECF 43.)  The plea agreement and Draft PSR detail the facts of Defendant Duran's criminal activity, including:

Between April and November 2022, Defendant Duran and his co-defendant, Kristopher Dinkins, communicated about purchasing firearms on behalf of other individuals.  During those seven months, Dinkins and Duran exchanged text messages regarding the types of firearms to purchase and how they would split of the profits.

On September 21, 2022, co-defendant Dinkins purchased three rifles at Roe Armory in Glendale, Arizona.  To obtain the firearms, Dinkins completed the Firearms Transaction Record, known as ATF Form 4473.  A question of the Form 4473 asks if the purchaser is the "actual transferee/buyer" of the firearm with a warning that the purchaser is not the actual transferee/buyer if they are acquiring the firearm on behalf of another person.  In response to that question, Dinkins indicated that he was the actual purchaser/buyer, when he knew that he was obtaining the firearms for someone else.  Another person attempted to cross the border into Mexico with three of the rifles Dinkins purchased the previous day.

Furthermore, in the month of September 2022, in coordination with Defendant Duran, co-defendant Dinkins purchased a total of five rifles.  In November and December 2022, Defendant Duran independently purchased three additional firearms.

### II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant receive a sentence of no more than 24 month's incarceration.  The United States will dismiss Counts 1-3, and 5-6 of the Indictment at the time of sentencing.

### A.    A Prison Sentence is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).  As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that a custodial sentence of no more than 24 months for Defendant Duran is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  The nature and circumstances of Defendant Duran's offenses are serious.  Aiding someone purchase and purchasing firearms for people who have not been vetted by way of a background check has the potential to put deadly weapons into the hands of dangerous individuals.  Here, the firearms obtained through criminal means were headed into Mexico, where firearms are illegal sans proper authorization.  The nature and circumstances of Defendant Duran's actions could easily justify a lengthier custodial sentence.  However, Defendant Duran's crimes did not span a lengthy time period; once contacted by law enforcement, his criminal conduct ceased; and he has remained law abiding since that contact.  These factors weigh in favor of the recommendation herein.

### 2.    Defendant's History and Characteristics

Defendant Duran had an unstable upbringing with some difficult family issues. (Draft PSR ¶ 46-47.)  Duran has been in a long-term, supportive relationship, and he has steady employment earning between $24-38 per hour since 2019.  (Draft PSR ¶ 48, 54-60.) While this is, on one hand weighs in Duran's favor, it also causes one to question why someone with such a strong support system and decent paying jobs would turn to criminal activity.  Duran's history and characteristics weigh in favor of a sentence of no more than 24 months incarceration.  While Defendant Duran has no prior felony convictions, making him criminal history a category I, he has had several contacts with the law.  Several years have passed since the crimes with which Duran has been charged here, and he appears to have remained law abiding.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  As mentioned, Defendant Duran's crime is a serious offense, with the potential for danger to the community.  However, considering all the relevant factors, the recommended sentence is appropriate for this individual.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  The need for deterrence also extends beyond preventing recidivism by just a specific defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant.  *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  Here, the conviction and sentence should deter Duran from engaging in future criminal activity, and other people should be deterred from committing a similar crimes based on Defendant Duran's conviction and prison sentence.

### 5.     Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).   Defendant Duran's conduct is serious because it impedes law enforcement from regulating which individuals possess firearms.

### 6.     Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  From review of the PSR, it appears that Defendant Duran might benefit from substance abuse treatment and GED classes, which he can pursue in the Bureau of Prisons.

### 7.     Unwarranted Sentencing Disparity

The sentence imposed should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  Co-defendant Kristopher Dinkins was sentenced to a time-served sentence and three years of supervised release.  (ECF 57.)   Based on Defendant Duran's previous contact with law enforcement and purchase of additional firearms, his sentence should be lengthier than his co-defendant's sentence.

### B.     Three Years of Supervised Release is Appropriate Pursuant to § 3583(c)

The United States recommends that Duran be placed on supervised release for three years.  This term is warranted by the nature and circumstances of Defendant Duran's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.).  It will provide the structure necessary to ensure Duran remains law abiding.   This is appropriate given the nature of his offense, to deter similar conduct in the future, and to protect the community from future crimes by Duran. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

## III.   CONCLUSION

The United States recommends that Defendant Duran receive a term of incarceration of no more than 24 months and three years of supervised release.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 11th day of October, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 11, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Chalet Braziel
Counsel for Defendant Duran

*s/ J. Schesnol*
U.S. Attorney's Office